IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO JR., # 117395, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No |
| v. ) | 2:19cv111-MHT |
| ) | [WO] |
| ALABAMA BOARD OF ) | |
| PARDONS AND PAROLES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

On February 3, 2019, James McConico Jr. filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1. McConico, an Alabama inmate serving life sentences for murder and trafficking in cocaine, challenges the Alabama Board of Pardons and Paroles' ("Parole Board's") February 2018 decision denying him parole. He claims violations of his due process and equal protection rights and alleges that his parole denial was based on false information.

Respondents argue that McConico has not exhausted his state court remedies and that his petition should be dismissed without prejudice to allow him to exhaust in the state courts. Doc. Nos. 21 & 25. This court entered an order allowing McConico to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies, and McConico filed a response. Doc. No. 39.

## II.  DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A). Because McConico is "in custody pursuant to the judgment of a State court," he is subject to § 2254's exhaustion requirement. *See Dill v. Holt*, 371 F.3d 1301, 1302–03 (11th Cir. 2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Under Alabama law, initial review of an action by the parole board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley v. State of Alabama Board of Pardons and Paroles*, 849 So.2d 255, 257 (Ala. Crim. App. 2002); *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997). A complete round of appellate review of an adverse ruling on a petition for a common-law writ of certiorari in Alabama is by (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* § 12-3-9, Ala. Code 1975; (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala.R.App.P. 39(c)(1); and (3) seeking

discretionary review in the Alabama Supreme Court, *see* Ala.R.App.P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Respondents' answer and the evidentiary materials submitted to this court reflect that McConico has not exhausted his claims in the Alabama courts. On November 8, 2018, McConico filed a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County challenging the constitutionality of the Parole Board's February 28, 2018 decision denying him parole. Doc. No. 25-1 at 1–9. With his petition for certioari, McConico submitted an affidavit of substantial hardship requesting that he be allowed to proceed *in forma pauperis*. Doc. No. 25-2 at 1–3. On November 19, 2018, the circuit court denied McConico's substantial hardship request. Doc. No. 25-3. McConico then filed a motion to reconsider the denial of his substantial hardship request. Doc. No. 25-4 at 1–4. On December 6, 2018, the circuit court entered an order denying McConico's motion to reconsider, finding:

> It is hereby ORDERED, ADJUDGED and DECREED that the Affiant is not indigent and the Motion to Reconsider Denial of Affidavit of Substantial Hardship is DENIED.
>
> Within the last year, Affiant has had gross deposits in his account, ranging in amount from $30–$1,280; more than enough from which a filing fee could have been paid. *See Ex parte Cook*, 202 So.3d 316 (Ala. 2016). In the year proceeding Affiant's filing of the Affidavit of Substantial Hardship, a total of $7,280.00 was deposited into his account. In Affiant's Motion to Reconsider Denial of Substantial Hardship, he erroneously argued that the money that was deposited into his inmate account should be considered an asset of his son and therefore excluded from consideration in whether to grant indigent status. The money, after deposited into Affiant's inmate account, is not an asset to Affiant's son but instead becomes an "asset" to Affiant. In determining the fact of indigency, this court has only taken into consideration the deposits on Affiant's inmate account.

3

Therefore, the Motion is due to be and is hereby DENIED.

Doc. No. 25-5 at 1–2.[1] After the circuit court denied McConico's substantial hardship request, McConico filed this federal court action instead of paying the filing fee[2] or seeking review of the substantial hardship denial by filing a petition for a writ of mandamus with the Alabama Court of Criminal Appeals asking that court to order the circuit court to set aside its order denying his substantial hardship request.[3]

When McConico filed his § 2254 petition with this court, he had not properly filed a common-law writ of certiorari with the Circuit Court of Montgomery County—because he did not pay the filing fee after his substantial hardship request was denied—and he had

---

[1] In *Ex parte Cook*, 202 So.3d 316 (Ala. 2016), the case cited by the circuit court in its order denying McConico's motion to reconsider the denial of his substantial hardship request, Cook sought *in forma pauperis* ("IFP") status in connection with the filing of a "petition for release order" in the Elmore County Circuit Court seeking release from prison pursuant to the Alabama Prisoner Litigation Reform Act. After the Elmore Circuit Court denied Cook's IFP request, Cook filed a petition for a writ of mandamus with the Alabama Supreme Court alleging that the circuit court had abused its discretion in denying his IFP request. In denying Cook's petition for mandamus, the Alabama Supreme Court noted that Cook's inmate trust account indicated that Cook had total deposits of more than $800 in the 12 months preceding the filing of his petition for release, including deposits of $259 in 1 month alone. 202 So.3d at 320–21. The court found that those deposits, if saved, would have been more than sufficient to pay a filing fee. *Id*. In so holding, the court in *Cook* cited the Alabama Court of Criminal Appeals' opinion in *Ex parte Wyre*, 74 So.3d 479 (Ala. Crim. App. 2011). Wyre sought IFP status in connection with the filing of a post-conviction petition in the Baldwin County Circuit Court. *See* 74 So.3d. at 480. After the Baldwin Circuit Court denied Wyre's IFP request, Wyre filed a petition for a writ of mandamus with the Alabama Court of Criminal Appeals. In that petition, Wyre alleged that the Baldwin Circuit Court had erred in denying his IFP request because, he said, he had only 28 cents in his inmate trust account when he filed his IFP request and the average balance of his inmate trust account for the 12 months preceding the filing of his request was $30.74. *Id*. In denying Wyre's mandamus petition, the Alabama Court of Criminal Appeals noted that Wyre's inmate trust account showed total deposits of $876.52 in the 12 months preceding the filing of his petition for post-conviction relief. 74 So.3d at 481. Given those deposits, the Alabama Court of Criminal Appeals stated: "Wyre could have saved the money to pay the filing fee; thus, he is not indigent." *Id*.

[2] Although the parties do not indicate what the filing fee for the action would have been, it appears that McConico would have had to pay a filing fee of $297 to prosecute his action. § 12-19-71(a)(4), Ala.Code 1975.

[3] Had the Alabama Court of Criminal Appeals denied a petition for mandamus filed by McConico, he could have appealed the denial to the Alabama Supreme Court. *See Baker v. Alabama*, 2017 WL 3205778, at *4 (N.D. Ala. 2017).

never had the merits of his claims challenging his parole denial considered by the state courts. Consequently, his claims are unexhausted.

McConico argues that the exhaustion requirement should be excused because, he says, it is too late for him to return to state court to file a petition for a writ of mandamus with the Alabama Court of Criminal Appeals seeking an order directing the circuit court to set aside its order denying his substantial hardship request. Doc. No. 39 at 5–6. However, McConico has not shown that he cannot return to the Circuit Court of Montgomery County to file a common-law writ of certiorari challenging the denial of his parole, accompanied by the filing fee or a new substantial hardship request,[4] and thereby receive a merits determination of his claims. Should McConico properly file a common-law writ of certiorari challenging the denial of his parole and then receive an adverse decision, he would need to follow the appropriate Alabama appellate procedures in appealing the adverse decision to properly exhaust his claims. *See Dill, supra*, 371 F.3d at 1303.

This court may not rule on the merits of McConico's claims without first requiring that he exhaust his state court remedies. *See* 28 U.S.C. § 2254(1)(b)(2). The court therefore concludes that this § 2254 petition should be dismissed without prejudice so McConico may exhaust those remedies.

---

[4] If McConico does not pay the filing fee and files a new substantial hardship request that is denied by the circuit court, his initial vehicle for a remedy regarding the ruling on his substantial hardship request would be through a petition for writ of mandamus with the Alabama Court of Criminal Appeals challenging the denial of the substantial hardship request. Should a mandamus petition be denied, McConico could appeal the denial to the Alabama Supreme Court. *See Baker v. Alabama*, 2017 WL 3205778, at *4 (N.D. Ala. 2017).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice to allow McConico to exhaust his available state court remedies.

It is further

ORDERED that on or before May 27, 2019, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 13th day of May, 2019.

/s/ Susan Russy Walker
Susan Russ Walker
United States Magistrate Judge