IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES McCONICO JR., # 117395, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No |
| v. | ) | 2:19cv111-MHT |
| | ) | [WO] |
| ALABAMA BOARD OF | ) | |
| PARDONS AND PAROLES, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

James McConico, Jr., an Alabama inmate serving life sentences for murder and trafficking in cocaine, is before the court on a *pro se* motion for relief from judgment under a Fed.R.Civ.P. 60(b) challenging this court's July 2019 dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. No. 66.  For the reasons discussed below, the court concludes that McConico's Rule 60(b) motion should be denied.

## I.   BACKGROUND

In his § 2254 petition, which he filed in February 2019, McConico challenged the Alabama Board of Pardons and Paroles' February 2018 decision denying him parole.  Doc. No. 1.  This court dismissed McConico's § 2254 petition without prejudice to allow him to exhaust his state court remedies.  *See* Docs. No. 40, 54, 55.  In the recommendation finding that McConico's § 2254 petition should be dismissed, the magistrate judge stated:

> When McConico filed his § 2254 petition with this court, he had not properly filed a common-law writ of certiorari with the Circuit Court of Montgomery County—because he did not pay the filing fee after his substantial hardship request was denied—and he had never had the merits of his claims challenging his parole denial considered by the state courts. Consequently, his claims are unexhausted.

McConico argues that the exhaustion requirement should be excused because, he says, it is too late for him to return to state court to file a petition for a writ of mandamus with the Alabama Court of Criminal Appeals seeking an order directing the circuit court to set aside its order denying his substantial hardship request. Doc. No. 39 at 5–6. However, McConico has not shown that he cannot return to the Circuit Court of Montgomery County to file a common-law writ of certiorari challenging the denial of his parole, accompanied by the filing fee or a new substantial hardship request, and thereby receive a merits determination of his claims. Should McConico properly file a common-law writ of certiorari challenging the denial of his parole and then receive an adverse decision, he would need to follow the appropriate Alabama appellate procedures in appealing the adverse decision to properly exhaust his claims.

Doc. No. 40 at 4–5 (footnote omitted). The district court adopted the magistrate judge's recommendation and, on July 24, 2019, entered a judgment dismissing McConico's § 2254 petition without prejudice to allow him to exhaust his state court remedies.[1] Doc. Nos. 54, 55.

In his Rule 60(b) motion, which was filed on September 13, 2019 (Doc. No. 66), McConico seeks vacatur of the district court's judgment dismissing his § 2254 petition without prejudice. McConico contends that the judgment dismissing his § 2254 petition should be vacated under (1) Rule 60(b)(3), based on fraud, misrepresentation, or misconduct by an opposing party; (2) Rule 60(b)(4), because the judgment is void; and (3) Rule 60(b)(6), because "other reasons" justify such relief. *See* Doc. No. 66 at 1.

## I.  DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to move for relief from a final judgment in a civil case on the following grounds:

---

[1] McConico moved for a certificate of appealability ("COA") to appeal this court's dismissal of his § 2254 petition, and on December 19, 2019, the Eleventh Circuit denied his motion for a COA. Doc. No. 71

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

## A.   Rule 60(b)(3)

McConico argues that respondents committed fraud and misconduct by not allowing him "access to court or an opportunity to exhaust his state remedies" regarding the Parole Board's decision denying him parole.  Doc. No. 66 at 2–3.  He suggests that respondents "suppressed" unspecified evidence that would have allowed him access to the courts.  *Id.*

To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the judgment through fraud, misrepresentations, or other misconduct.  *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).  The moving party must also demonstrate that the conduct prevented him from fully presenting his case.  *See id*.

McConico fails to show how respondents committed any specific fraud or misconduct impeding his access to the courts or preventing him from exhausting his state court remedies.  Further, he fails to show what, if any, evidence was suppressed to block his access to the courts. What the record actually shows is that McConico chose not to pay the filing fee for a common-law writ of certiorari with the Circuit Court of Montgomery County and, without exhausting his state court remedies, opted to file a § 2254 petition in

this court instead. Because McConico demonstrates no fraud or misconduct by respondents, he is entitled to no relief under Rule 60(b)(3).

**B.     Rule 60(b)(4)**

McConico also cites Fed.R.Civ.P. 60(b)(4) as a ground for his motion. Doc. No. 66 at 1. Rule 60(b)(4) allows parties to seek relief from final judgments that are "void." Fed.R.Civ.P. 60(b)(4). "A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law." *Oakes v. Horizon Financial, S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). "Due process, in general and in the context of Rule 60(b)(4), 'generally requires notice and an opportunity to be heard.'" *Diggs v. Mitchem*, 2014 WL 4202476, at *2 (S.D. Ala. 2014) (quoting *United States v. Gentile*, 322 F. App'x 699, 701 (11th Cir. 2009)). "An order does not violate due process, and will not support relief under Rule 60(b)(4), when the Rule 60 movant had notice of the underlying proposed adverse action and had an opportunity to respond to it." *Diggs,* 2014 WL 4202476, at *2.

McConico has not alleged that this court lacked subject matter jurisdiction in his § 2254 action, and he has not proven that he was denied due process. He received the magistrate judge's Recommendation that his case be dismissed without prejudice, and he subsequently filed his objections to that Recommendation. As stated in the district court's order of August 8, 2019, the district court took those objections into consideration (and overruled them) in upholding its decision to dismiss the case. Doc. No. 59. McConico has failed to show that the judgment dismissing his petition without prejudice to allow him to exhaust state remedies is void. Therefore, he is entitled to no relief under Rule 60(b)(4).

**C.     Rule 60(b)(6)**

4

Finally, McConico cites Fed.R.Civ.P. 60(b)(6) in support of his motion. Doc. No. 66 at 1. "It is well established . . . that relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances . . . . The party seeking relief has the burden of showing that absent such relief, an extreme and unexpected hardship will result." *Griffin v. Swim–Tech Corp*., 722 F.2d 677, 680 (11th Cir. 1984) (citations and internal quotes omitted). "Such circumstances . . . rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). A Rule 60(b)(6) motion cannot be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Services Acquisition Corp*. 486 U.S. 847, 863 (1988).

McConico sets forth only vague allegations to support relief in this case, and has failed to demonstrate exceptional circumstances warranting vacatur of the judgment dismissing his habeas petition. And, because his Rule 60(b) motion is premised on arguments regarding fraud or misrepresentation under Rule 60(b)(3) and void judgments under Rule 60(b)(4), McConico cannot rely on Rule 60(b)(6) for relief.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that McConico's motion for relief from judgment under Fed.R.Civ.P. 60(b) be DENIED, as the claims in the motion are without merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 30, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections

to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 16th day of September, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge